hON APPLICATION FOR REINSTATEMENT
PER CURIAM.*
In 2004, petitioner, Clark C. Roy, was suspended from the practice of law for three years, retroactive to the date of his interim suspension, pursuant to a petition for consent discipline. In re: Roy, 04-0635 (La.4/30/04), 872 So.2d 464. The disciplinary proceeding stemmed from several complaints against petitioner, generally alleging that he neglected his clients’ legal matters, failed to communicate with his clients, misled his clients concerning the status of their legal matters, and failed to refund unearned fees. This misconduct was directly attributable to petitioner’s alcoholism.
Following his suspension, petitioner successfully completed an inpatient substance *380 abuse treatment program and made substantial progress in maintaining his sobriety. Thereafter, petitioner filed an application for reinstatement, asserting that he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel (“ODC”) took no position concerning petitioner’s reinstatement. Accordingly, pursuant to Rule XIX, § 24(F) and (G), the matter was referred for a formal hearing before a hearing committee.
After considering the evidence presented, the hearing committee recommended that petitioner be conditionally reinstated to the practice of law. The disciplinary board agreed that petitioner has satisfied the requirements for reinstatement by clear |?and convincing evidence. Accordingly, the board recommended to this court that petitioner be reinstated to the practice of law, subject to certain conditions regarding his recovery agreement with the Lawyers Assistance Program (“LAP”). Neither petitioner nor the ODC objected to the disciplinary board’s recommendation.
After considering the record in its entirety, we will adopt the disciplinary board’s recommendation and reinstate petitioner to the practice of law, subject to the condition that he must extend his LAP contract for a period of five years and fully comply with the terms and conditions thereof.[1] The ODC shall monitor respondent’s compliance with his recovery agreement and notify this court of any violation, which may be grounds for immediately transferring respondent to disability inactive status, or placing him on interim suspension, as appropriate.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Clark C. Roy, Louisiana Bar Roll number 8220, be immediately reinstated to the practice of law in Louisiana, subject to the conditions set forth herein. All costs of these proceedings are assessed against petitioner.

 Knoll, J., recused.

. Petitioner’s current LAP contract expires on September 20, 2007. The five-year extension which is a condition of petitioner's reinstatement will subject him to monitoring by LAP through 2012.